IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 1:18 CR 00426 |
| Plaintiff ) | |
| ) | JUDGE DONALD C. NUGENT |
| vs. ) | |
| ) | |
| KERNICE MARTIN ) | SENTENCING MEMORANDUM |
| ) | |
| Defendant ) | |

Now comes the Defendant, KERNICE MARTIN, by and through his attorney, and moves this Honorable Court, pursuant to *Koon v. United States*, 518 U.S. 81 (1996) and *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 73 (2005) to impose a reasonable sentence of two hundred forty (240) months consistent with the spirit of the sentencing guidelines and any other favorable considerations.  In support thereof, counsel submits the following information for consideration at sentencing set for July 11, 2019, at 9:30 a.m.

BACKGROUND

Defendant herein was charged with and convicted by a jury of the four count

indictment which included possession of heroin and fentanyl (Count 1), possession of cocaine (Count 2), felon in possession of a firearm (Count 3), and pessession of a firearm in furtherance of a drug trafficking crime (Count 4).  The defendant now seeks consideration for the foregoing reasons as well as any other favorable consideration as may be appropriate.  He is currently before this Honorable Court for sentencing.

LAW AND ARGUMENT

Factors set forth in 18 U.S.C. §3555 include (1) the nature and circumstances of the offense and the history and characteristics of the defendant;  (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;  (B) to afford adequate deterrence to criminal conduct;  (C) to protect the public from further crimes of the defendant;  and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;  (3) the kinds of sentences available;  (4) the advisory guideline range;  (5) any pertinent policy statements issued by the Sentencing Commission;  (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *U.S. v. Booker,*125 S.Ct 738 at 790 (2005).

In addressing the nature and circumstances of the offense, counsel suggests that

KERNICE MARTIN was not involved in any violent criminal conduct and was arrested while engaging in some recreational pharmacology with an apparently willing partner.

The second consideration, the need for the sentence imposed, has a multitude of issues impacting on the sentence. First, the Court is required to impose a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The conviction itself along with a term (per probation) of three hundred sixty (360) months to life in prison is far more than necessary to reflect the seriousness of the offense and provides far more punishment than is necessary. Such a term as suggested by counsel (240 months) would be justified because KERNICE MARTIN had no intent to harm anyone, but merely wanted to party with a willing friend. A sentence of two hundred forty (240) months by this Court will be an adequate deterrent to criminal conduct by this defendant as he has never been to federal prison before (in fact, he's never served ANY appreciable prison time) and has learned a life altering lesson from his criminal conduct. Sending this man to the federal prison for more than the suggested 240 months would be a waste of tax dollars as the same objective could be achieved by showing some lenience.

To protect the public from further crimes is another consideration. This, his

only federal criminal conviction, has taught him the price for violating the law which the lenient state courts haven't.  His desire to return to any such criminal conduct has been virtually eliminated (by his exposure to the extreme federal sentencing guidelines) thereby creating both deterrence and protection for the public.  Kernice has been advised of the draconian federal sentencing guidelines governing criminal offenders and future criminal conduct.

Mr. Martin is one of seven children and has fathered seven children.  His anticipated absence from his families' lives is difficult for all involved.  Hopefully, his minor children will see their father before they are all married and gone.  The proposed sentence of two hundred forty (240) months should be adequate punishment.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Honorable Court consider a sentence consistent with the sentencing factors, mitigating circumstances of this defendant and the relevant case law, with a recommendation for a term of two hundred forty (240) months in prison with a recommendation of placement near his family in Cleveland, Ohio.

        Respectfully submitted,

        /s/  James A. Jenkins
        JAMES A. JENKINS (0005819)
        55 Public Square, Suite 2100
        Cleveland, Ohio 44113
        216/363-6003
        Facsimile:  216/363-6013
        E-mail:  jajenkins49@hotmail.com

S E R V I C E

  A copy of the foregoing Sentencing Memorandum was filed electronically this 1st day of July, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        /s/  James A. Jenkins
        JAMES A. JENKINS
        Attorney for Defendant
        KERNICE MARTIN