# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KERNICE MARTIN, | ) CASE NO.: 1:18-CR-426 |
| | )             1:21-CV-461 |
| Petitioner, | ) |
| | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| Respondent. | ) |
| | ) |

This matter is before the Court upon Petitioner, Kernice Martin's ("Mr. Martin" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #78). The Government filed a Response in Opposition to Petitioner's Motion (ECF #84). Petitioner did not file a reply. For the reasons set forth herein, the petition is DENIED. (ECF #78).

## I.

On August 1, 2018, a federal grand jury returned a four-count indictment charging Petitioner with: Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Possession with Intent to Distribute Cocaine Base, in violation of U.S.C. §§ 841(a)(1) and (b)(1)(C); Being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF #1). A superseding indictment was filed prior to trial, adding a fifth count: Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (ECF #44).

On November 19, 2018, Petitioner filed a motion to suppress the narcotics and firearm that were found during the search of his person and vehicle. The Government opposed the motion, the

Court held a suppression hearing on March 26, 2019, and denied Mr. Martin's motion to suppress. A jury trial commenced on April 2, 2019 and on April 4, 2019, the jury returned a verdict of guilty on Counts 1 through 4 and not guilty on Count 5. (ECF #52). Petitioner was sentenced on July 11, 2019, to 300 months on Counts 1 and 2, 120 months on Count 3 to run concurrent to the sentence imposed on Counts 1 and 2, and 60 months on Count 4 to run consecutive to the sentences imposed on Counts 1 through 3. (ECF #59).

Petitioner filed a notice of appeal on July 22, 2019 and on September 17, 2020, the Sixth Circuit affirmed his conviction and sentence. Mr. Martin did not petition for a writ of certiorari. On February 26, 2021, Petitioner filed the instant motion before the Court. (ECF #78).

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The burden is on the petitioner to prove his constitutional rights were denied or

2

infringed by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

Mr. Martin alleges claims of ineffective assistance of counsel, specifically: (1) Both trial and appellate counsel failed to present evidence that there was no outstanding warrant out of Ashtabula County; (2) Trial counsel failed to present an affidavit from a witness; (3) Trial counsel failed to object to the Court's comments regarding Petitioner's right to testify; (4) Trial counsel failed to ask for expert testimony; and (5) Both trial and appellate counsel failed to respond to emails and phone calls from Petitioner and his family members.

For Petitioner to prevail on an ineffective assistance of counsel claim, he must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the proceedings were unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's competence is presumed. *Id; Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Petitioner must rebut this presumption by proving, not simply alleging, that his attorneys' representation was unreasonable

under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347.

In Grounds One, Two, and Three, Petitioner claims that counsel failed to present certain evidence and object to the Court's comments regarding Mr. Martin's right to testify. However, Petitioner does not provide any details or evidentiary support that he was prejudiced by counsel's representation. Rather, Mr. Martin has only offered unfounded conclusory statements to support his claims. The law is clear that such a basis is "patently insufficient" to support a petition for *habeus corpus*. *See, e.g., Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 f.3d 43, 47 (6th Cir. 1995).

With respect to the affidavit, Petitioner does not provide the Court with any details regarding its contents or evidence that he was prejudiced by counsel's decision not to present it. Nor has Mr. Martin shown that counsel was ineffective for not presenting evidence that there was no outstanding warrant, an issue that was denied after a full briefing at the suppression hearing and affirmed on appeal. Further, Petitioner does not demonstrate he was prejudiced by counsel's failure to object to the Court's statements, which the Sixth Circuit found were "intended to ensure that the trial was conducted in a proper and orderly manner." (ECF #54). The Sixth Circuit affords a "high level of deference" to "defense counsel's strategic choices," and Petitioner has not demonstrated he was prejudiced by the decisions of counsel. *Davis v. Lafler*, 658 F.3d 525, 538 (6th Cir. 2011).

In Ground Four, Petitioner alleges he was prejudiced because his trial counsel failed to ask for expert testimony. In order to demonstrate that trial counsel was deficient in failing to call a witness, or that petitioner was prejudiced, Mr. Martin must indicate for the Court the substance of

the proposed testimony and the availability of the witness to testify. *See Rayner v. Mills*, 685 F.3d 631, 641 (6th Cir. 2012); *see also Malcum v. Burt*, 276 F. Supp. 2d 664, 679-80 (E.D. Mich. July 30, 2003). Petitioner does not identify this information for the Court, and provides only a conclusory statement that counsel was ineffective.

Finally, in Ground Five, Petitioner alleges that both trial and appellate counsel failed to be responsive to his and his family's communications, including phone calls and emails. In support, Petitioner attaches a letter from appellate counsel in which he advises Mr. Martin that he received information out of the Ashtabula Municipal Court and will review it to determine whether it could be helpful on appeal or post-conviction proceeding. Petitioner attaches no other evidence in support of his claim and fails to demonstrate how counsel's assistance was deficient or prejudicial.

The record shows counsel vigorously and appropriately represented Petitioner and raised issues that had basis in fact or in law. Mr. Martin has offered no evidence to satisfy the requirements set forth in *Strickland* with respect to his ineffective assistance of counsel claims. He fails to demonstrate how he was prejudiced, nor has he shown a reasonable probability that the outcome would have been different but for his claimed ineffective assistance of counsel. Accordingly, the Court denies his claims.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>(B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate, "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, as well as those set forth in greater detail in the Government's briefings, the Court concludes that Mr. Martin has failed to make a substantial showing of the

denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and record in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. (ECF #78). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: September 9, 2021