UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:18 CR 426 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| KERNICE MARTIN, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Kernice Martin's Motion for Relief from Judgment Under Rule 60(b)(6) -(d)(1)-(3). (ECF #88). He seeks relief from the "judgment against him," and specifically disavows that he is asking the Court to revisit his motion under 18 U.S.C. §2255, or is attempting to file a second or successive petition under §2255. For the reasons set forth below, the Defendant's Motion is hereby, DENIED.

Mr. Martin was sentenced to 360 months in prison following a jury's determination that he was guilty of two counts of possession with intent to distribute illegal substances in violation of 21 U.S.C. §841(A)(1) and (B)(1)(c), and two firearm charges. (ECF #58, 59, 60). His conviction and sentence were affirmed on direct appeal. (ECF #76, 77). Mr. Martin then filed a motion to vacate his sentence under 28 U.S.C. §2255. (ECF #78). That motion was denied and was not certified for appeal. (ECF #85). Mr. Martin subsequently sought authorization from the Sixth Circuit to file a second or successive motion under §2255. That request was denied. (ECF #87). The Court of Appeals found that Mr. Martin's evidence of the invalidity of the warrant that

precipitated his arrest did not constitute "newly discovered evidence that, if proven.... [would] establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," and, indeed, was not relevant to his innocence, or the validity of his conviction. (ECF #87, PageID 816; see also ECF #76).

In an attempt to circumvent his inability to file a second or successive motion under §2255, Mr. Martin has re-characterized some of the same arguments previously presented on appeal in his post-conviction motions and brought them as a motion for relief under Fed. R. Civ. Pro. 60(b)(6) and (d)(1) and (3). Rule 60(b) allows the Court to entertain independent actions to relieve a party from a civil judicial order or proceeding, particularly when they arose from mistake, or a fraud upon the Court. Federal Rule of Civil Procedure 60 does not apply in a criminal case, and certainly does not provide a basis for voiding a criminal sentence or conviction. See, e.g, *United States v. Seymour*, 2021 U.S. App. LEXIS 22277 (6th Cir. 2021)(citing *United States v. Moon*, 527 Fed. App'x 473, 474 (6th Cir. 2013); see also, 18 U.S.C. §3582(b).

Fed. R. Civ. P.60 can be a permissible means of seeking reconsideration of the denial of a habeas motion brought under 28 U.S.C. §2255, because habeas relief is a civil law construct and, it is technically filed as a civil action, though it is intertwined with the underlying criminal case. It cannot, however, be used as an end round the second or successive motion criteria contained within §2255. Mr. Martin did not appeal this Court's ruling on his first §2255, and is not challenging the validity of that decision. Rather he contends that he has new evidence to support an additional arguments that challenge the validity of his conviction and sentence. The appropriate means of challenging a conviction and sentence based on alleged new evidence is

2

through an independent action under 28 U.S.C. §2255. Mr. Martin cannot circumvent the restrictions and requirements for post-conviction relief under 28 U.S.C. §2255 by filing under Fed. R. Civ. Pro. 60.

Mr. Martin has had the opportunity to present his legal and factual arguments to this Court, and to the Sixth Circuit, through all appropriate means. This is not an appropriate means of raising or re-litigating those arguments. His motion is, therefore, DENIED. (ECF #88).

_____
DONALD C. NUGENT
United States District Judge

DATED: April 1, 2025